# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

CASE NO.

JAMIE VARGAS, individually and on behalf of
all other similarly situated,

    Plaintiff,

v.

REDBOX AUTOMATED RETAIL, LLC,

    Defendant.

_____/

## NOTICE OF REMOVAL

Defendant Redbox Automated Retail, LLC ("Redbox"), by and through the undersigned attorneys and pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453, hereby gives notice of removal of this action from the Circuit Court of the First Judicial Circuit in and for Escambia County, Florida (the "Circuit Court") to the United States District Court for the Northern District of Florida, Pensacola Division. In support of removal, Redbox states as follows:

## DISCUSSION

### I. Introduction and Background

On March 16, 2023, Plaintiff Jamie Vargas ("Plaintiff") commenced this action, *Jamie Vargas v. Redbox Automated Retail, LLC*, Case. No.

172023CA000450XXXXXX, in the Circuit Court. On March 23, 2023, Redbox was first served with a copy of the Summons and Complaint in this action. A true and legible copy of all process, pleadings, orders, and other papers or exhibits of every kind then on file in the Circuit Court are attached hereto as **Composite Exhibit "A."** Accordingly, pursuant to 28 U.S.C. § 1446(b)(1) this Notice of Removal is timely because it was filed within thirty (30) days of receipt of the Summons and Complaint.

Plaintiff's Complaint alleges that Redbox sent "numerous telephonic sales calls"[1] in violation of the Florida Telephone Solicitation Act, Fla. Stat. § 501.059 ("FTSA"). Specifically, Plaintiff alleges that Redbox "engages in telephonic sales calls to consumers without having secured prior express written consent as required by the FTSA." Compl. ¶ 3. Plaintiff brings this action as a putative class action, seeking to represent "[a]ll persons in Florida who, (1) were sent a telephonic sales call regarding Defendant's goods and/or services, (2) using the same equipment or type of equipment utilized to call Plaintiff." *Id.* ¶ 32. Plaintiff further alleges that "Defendant has placed telephonic sales calls to telephone numbers belonging to thousands of consumers listed throughout Florida without their prior express consent. The members of the Class, therefore, are believed to be so numerous that

---

[1] Plaintiff's Complaint appears to use the phrases "text messages" interchangeably with "telephonic sales calls." *See, e.g.,* Compl. ¶¶ 11-21, 27-32, 47-48.

joinder of all members is impracticable." *Id.* ¶ 34. On behalf of himself and the putative class, Plaintiff seeks statutory damages and injunctive relief.

## II. Basis for Jurisdiction

### A. This action is removable under the Class Action Fairness Act of 2005 ("CAFA").

"[A]ny civil action brought in State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ." 28 U.S.C. § 1441(a). This action is removable under Section 1441 because the District Courts of the United States have original jurisdiction over it pursuant to CAFA. *See* 28 U.S.C. § 1332(d); *see also id.* § 1453(b) (setting procedure for removing class actions). CAFA gives federal courts original jurisdiction over putative class actions in which (1) the aggregate number of members in the proposed class is 100 or more; (2) the amount in controversy "exceeds the sum or value of $5,000,000, exclusive of interests and costs"; and (3) the parties are minimally diverse, meaning that "any member of a class of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2), (d)(5)(B). For the following reasons, these requirements are met, and this matter is removable.

#### 1. This is a putative class action in which the aggregate number of proposed class members is 100 or more.

This action is a putative class action within the meaning of CAFA, which defines a "class action" as "any civil action filed under Rule 23 of the Federal Rules

of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Florida Rule of Civil Procedure 1.220, in turn, "is based on Federal Rule of Civil Procedure 23." *Concerned Class Members v. Sailfish Point, Inc.*, 704 So. 2d 200, 201 (Fla. 4th DCA 1998).

Plaintiff filed this action under Florida Rule of Civil Procedure 1.220, which allows for a claim to "be maintained on behalf of a class" when "the members of the class are so numerous that separate joinder of each member is impracticable"; there are "questions of law or fact common to the questions of law or fact raise by the claim"; "the claim . . . of the representative party is typical of the claim . . . of each member of the class"; and "the representative party can fairly and adequately protect and represent the interests of each member of the class." Fla. R. Civ. P. 1.220(a)(1)–(4).

Plaintiff alleges a putative class of more than 100 members. Compl. ¶ 34 (alleging that there are at least several thousand persons dispersed throughout Florida who are members of the putative class).

**2. The amount in controversy exceeds $5,000,000.**

CAFA authorizes courts to aggregate the claims of the individual class members "to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interests and costs." 28 U.S.C. § 1332(d)(6). "The

amount in controversy is not proof of the amount the plaintiff will recover. Rather, it is an estimate of the amount that will be put at issue in the course of the litigation." *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 751 (11th Cir. 2010).

Here, the relief Plaintiff requests on behalf of himself and the proposed class demonstrates that he has put more than $5,000,000 at issue. For "thousands of consumers listed throughout Florida," Compl ¶ 34, Plaintiff seeks a minimum award of $500.00 in statutory damages for each alleged text message or telephonic sales call made by (or purportedly on behalf of) Redbox, *id*. ¶ 49; *see also* Fla. Stat. § 501.059(10)(a)(2). In further support that this controversy exceeds the sum or value of $5,000,000, beginning July 1, 2021, Redbox sent more than 10,000 marketing text messages to telephone numbers with Florida area codes. Attached as **Exhibit "B"** in Support of Redbox's Notice of Removal, is the Declaration of Maura Gray ("Gray Decl."), Redbox's Senior Vice President of Marketing, ¶ 7. Therefore, the alleged minimum statutory damages of $500 for each of the text messages Redbox sent to Florida area codes surpasses CAFA's $5,000,000 threshold.

### 3. The parties are minimally diverse.

The parties are minimally diverse because "any member of [the class] of plaintiffs is a citizen of a State different from any defendant." 28 U.S.C. § 1332(d)(2)(A). Plaintiff is alleged to be a resident of Escambia County, Florida.

Compl. ¶ 9. Redbox is a citizen of Delaware, Illinois, and Connecticut. *See Id.* ¶ 7; Gray Decl. ¶¶ 4-6. Thus, the minimal diversity requirement is met because at least one putative class member (Plaintiff) is diverse from Redbox.

Because Plaintiff's action is a putative class action involving more than 100 alleged class members, claiming more than $5,000,000 in relief in the aggregate, and involving minimal diversity between Plaintiff and Redbox, the action is removable under CAFA.

### 4. None of CAFA's exceptions bars removal in this case.

This action does not fall within the exclusions to removal jurisdiction described in 28 U.S.C. § 1332(d)(4), § 1332(d)(9), or § 1453(d). First, Section 1332(d)(4) provides that a district court shall not exercise CAFA jurisdiction over a class action in which, among other things, "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was originally filed" **and** "at least 1 defendant is a defendant . . . who is a citizen of the State in which the action was originally filed." 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (similarly excluding cases where "two thirds or more of" the class members *and* "the primary defendants, are citizens of the State in which the action was originally filed"). This exception does not apply here because the only defendant, Redbox, is a citizen of Delaware, Illinois, and Connecticut and is not a citizen of Florida—the state where the action was filed. *See*

*Evans v. Walter Indus., Inc.*, 449 F.3d 1159, 1167 (11th Cir. 2006) (holding that plaintiffs failed to prove that the local controversy exception applied in Alabama action when, although one defendant was an "Alabama corporation," plaintiffs failed to prove that this defendant "was 'significant' with respect to liability"); *In re Hannaford Bros. Co. Customer Data Sec. Breach Litig.*, 564 F.3d 75, 80 (1st Cir. 2009) ("Suits involving a primary defendant who is not a citizen of the forum state cannot qualify for the [local controversy] exception.").

Second, sections 1332(d)(9) and 1453(d) exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. § 1332(d)(9) (explaining that Section 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws); *id.* § 1453(d) (same). Those provisions do not bar jurisdiction here because Plaintiff's claims do not arise under the Securities Act of 1933 or the Securities Exchange Act of 1934 and do not involve state-centric corporate governance issues.

### III. Venue

Pursuant to 28 U.S.C. § 1441(a), the Northern District of Florida is the proper venue and intra-district assignment for this action upon removal because this "district and division embrace" the Circuit Court of Escambia County, where the

Complaint was filed and pending at the time of this Notice of Removal. *See* 28 U.S.C. § 1441(a).

## IV. Removal is Timely

Redbox was first served with Plaintiff's Complaint on March 23, 2023. The instant Notice of Removal has been timely filed within thirty (30) days of Redbox's receipt of the Complaint as required by 28 U.S.C. § 1446(b). Accordingly, removal of this action to the United States District Court for the Northern District of Florida, Pensacola Division is proper and timely.

## V. Rule of Unanimity

The rule of unanimity requires that in order for a notice of removal to be properly before the court, all defendants who have been served or otherwise properly joined in the action must either join in the removal, or file a written consent to the removal. All Defendants have joined in the removal of this action.

## VI. Notice Provided

Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of the instant Notice of Removal will be promptly served on all parties, and a copy will be promptly filed with the Clerk of the Court for the Circuit Court. A copy of the Notice of Filing of Notice of Removal that will be promptly served on all parties and filed with the Clerk of the Court for the Circuit Court is attached hereto as **Exhibit "C."**

## VII. Process and Pleadings

As required by 28 U.S.C. § 1446(a) and Local Rule 7.2, Redbox has attached copies of the Circuit Court process and pleadings to this Notice of Removal. A true and legible copy of all process, pleadings, orders, and other papers or exhibits of every kind then on file in the Circuit Court are attached hereto as **Composite Exhibit "A**."

## VIII.      Non-Waiver of Defenses

Nothing in this Notice of Removal shall be interpreted as a waiver or relinquishment of Redbox's right to assert any defense or affirmative matter, including without limitation a motion to dismiss pursuant to Fed. R. Civ. P. 12. Indeed, Redbox does not accept the allegations in the Complaint as true, denies that it violated any laws, and expressly reserves all defenses and rights with respect to Plaintiff's claims. *See, e.g.*, *Pretka*, 608 F.3d at 751 ("The amount in controversy is not proof of the amount the plaintiff will recover."); *Key v. DSW, Inc.*, 454 F. Supp. 2d 684, 691 (S.D. Ohio 2006) ("[T]he fact that Defendant removed the case does not mean that Defendant concedes that Plaintiff has adequately alleged appropriate damages.").

## CONCLUSION

Redbox has satisfied all required removal procedures. Accordingly, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446 this Court has jurisdiction over this

action, and Redbox hereby removes this action from the Circuit Court to this United States District Court for the Northern District of Florida. Redbox respectfully requests that this Court exercise jurisdiction over this action and enter orders and grant relief as may be necessary to secure removal and to prevent further proceedings in this matter in the Circuit Court. Redbox further requests any other relief that the Court deems appropriate under the circumstances.

Dated: April **24**, 2023.                    Respectfully submitted,

By: */s/ Jamey R. Campellone*
BETH-ANN E. KRIMSKY
Florida Bar No. 968412
E-mail: beth-ann.krimsky@gmlaw.com
E-mail: clemencia.corzo@gmlaw.com
JAMEY R. CAMPELLONE
Florida Bar No. 119861
Email: jamey.campellone@gmlaw.com
Email: gabby.mangar@gmlaw.com
**GREENSPOON MARDER LLP**
200 East Broward Blvd., Suite 1800
Fort Lauderdale, Florida 33301
Tel: (954) 527-6296
Fax: (954) 333-4296

JAMES SNELL
*Pro Hac Vice Anticipated*
Email: jsnell@perkinscoie.com
**PERKINS COIE LLP**
3150 Porter Drive
Palo Alto, California 94304-1212
Tel: (650) 838-4367
Fax: (650) 838-4567

*Attorneys for Redbox Automated Retail, LLC*

## **CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that on this **24th** day of **April**, 2023, a copy of the foregoing Notice of Removal was filed with the Clerk of the Court using CM/ECF. The undersigned also certifies that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By: */s/ Jamey R. Campellone*
JAMEY R. CAMPELLONE