# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF FLORIDA
### PENSACOLA DIVISION

CASE NO. 3:23-cv-08760-MCR-ZCB

JAMIE VARGAS, individually and on behalf of
all other similarly situated,

      Plaintiff,

v.

REDBOX AUTOMATED RETAIL, LLC,

      Defendant.

_____/

## DEFENDANT REDBOX AUTOMATED RETAIL, LLC'S
## ANSWER AND AFFIRMATIVE DEFENSES
## TO PLAINTIFF'S COMPLAINT [D.E. 1]

Defendant Redbox Automated Retail, LLC ("Redbox" or "Defendant") hereby responds to the Complaint [D.E. 1] filed by Plaintiff, Jamie Vargas ("Plaintiff"), as follows:

### NATURE OF THE ACTION

1.      Defendant admits Plaintiff seeks to assert claims against it on behalf of the putative class pursuant to the Florida Telephone Solicitation Act ("FTSA"). However, Defendant denies any actionable conduct, denies violating the law, including the FTSA, and denies the remaining allegations and statements contained in paragraph 1.

2.      Defendant admits that it provides video streaming and rental services. Defendant denies the remaining allegations of paragraph 2.

3.      Defendant denies the allegations contained in paragraph 3.

4.      Defendant denies the allegations contained in paragraph 4.

5.      Defendant admits Plaintiff seeks to assert claims against it on behalf of the putative class pursuant to the FTSA. However, Defendant denies any actionable conduct, and denies violating the law, including the FTSA.

## PARTIES

6.      Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Complaint, particularly where, as here, Plaintiff fails to allege his complete telephone number. Accordingly, Defendant denies such allegations. The remainder of paragraph 6 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

7.      Defendant admits that Redbox is a Delaware LLC and that it maintains its primary place of business and headquarters in Oakbrook Terrace, Illinois. The remainder of paragraph 7 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the

extent a response is required, Defendant denies such conclusions, statements, and characterizations.

## JURISDICTION AND VENUE

8.     Paragraph 8 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

9.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, particularly where, as here, Plaintiff fails to allege his complete telephone number. Defendant has no knowledge of where Plaintiff resides or where Plaintiff was when he supposedly received the telephone calls at issue. Accordingly, Defendant denies such allegations. The remainder of paragraph 9 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

10.     Defendant admits that Redbox is a Delaware LLC and that it does business in the state of Florida. The remainder of paragraph 10 of the Complaint consists of legal conclusions, statements, and characterizations that are not

allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

## FACTS

11.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, particularly where, as here, Plaintiff fails to allege his complete telephone number.

12.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, particularly where, as here, Plaintiff fails to allege his complete telephone number. Accordingly, Defendant denies such allegations. The remainder of paragraph 12 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

13.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the Complaint.

14.    Defendant admits that it maintains business records relating to its business. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, particularly where, as here, Plaintiff fails to allege his complete telephone number. Accordingly, Defendant denies such allegations.

15.    Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the Complaint, particularly where, as here, Plaintiff fails to allege his complete telephone number. Accordingly, Defendant denies such allegations.

16.    Defendant denies the allegations contained in paragraph 16 of the Complaint.

17.    Defendant denies the allegations contained in paragraph 17 of the Complaint.

18.    Paragraph 18 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

19.    Paragraph 19 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

20.    Paragraph 20 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

21.     Paragraph 21 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

22.     Paragraph 22 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

23.     Paragraph 23 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

24.     Paragraph 24 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

25.     Paragraph 25 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

26.     Paragraph 26 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

27.     Paragraph 27 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

28.     Paragraph 28 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

29.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the Complaint, particularly where, as here, Plaintiff fails to allege his complete telephone number. Accordingly, Defendant denies such allegations. The remainder of paragraph 29 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

30.     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the Complaint, particularly where, as here, Plaintiff fails to allege his complete telephone number. Accordingly, Defendant denies such allegations. The remainder of paragraph 30 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

31.     Defendant admits Plaintiff seeks to assert claims against it on behalf of the putative class pursuant to the FTSA. Defendant denies any actionable conduct, and denies violating the law, including the FTSA.

## CLASS ALLEGATIONS

### PROPOSED CLASS

32.     Defendant admits Plaintiff purports to bring this action as a class action but denies this action may be properly maintained as a class action. In particular, Defendant denies the class definition contained in paragraph 32. The remainder of paragraph 32 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

33.     Defendant admits Plaintiff purports to bring this action as a class action but denies this action may be properly maintained as a class action. Defendant denies any remaining allegations of paragraph 33.

### NUMEROSITY

34.     Defendant admits Plaintiff purports to bring this action as a class action but denies this action may be properly maintained as a class action. The remainder of paragraph 34 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

35.     Defendant admits Plaintiff purports to bring this action as a class action but denies this action may be properly maintained as a class action. The remainder of paragraph 35 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

### COMMON QUESTIONS OF LAW AND FACT

36.     Defendant admits Plaintiff purports to bring this action as a class action but denies this action may be properly maintained as a class action. The remainder of paragraph 36 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the

extent a response is required, Defendant denies such conclusions, statements, and characterizations.

37.     Defendant admits Plaintiff purports to bring this action as a class action but denies this action may be properly maintained as a class action. The remainder of paragraph 37 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

### TYPICALITY

38.     Defendant admits Plaintiff purports to bring this action as a class action but denies this action may be properly maintained as a class action. The remainder of paragraph 38 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

### PROTECTING THE INTERESTS OF THE CLASS MEMBERS

39.     Defendant admits Plaintiff purports to bring this action as a class action but denies this action may be properly maintained as a class action. The remainder of paragraph 39 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the

extent a response is required, Defendant denies such conclusions, statements, and characterizations.

**SUPERIORITY**

40.     Defendant admits Plaintiff purports to bring this action as a class action but denies this action may be properly maintained as a class action. The remainder of paragraph 40 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

41.     Defendant admits Plaintiff purports to bring this action as a class action but denies this action may be properly maintained as a class action. The remainder of paragraph 41 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

**COUNT I**
**VIOLATION OF FLA. STAT. §501.059**
**(on Behalf of Plaintiff and the Class)**

42.     Defendant incorporates its responses to paragraphs 1 through 41 of the Complaint as if fully set forth herein.

43.     Defendant admits the authority cited in paragraph 43 is the best evidence of its contents. The remainder of paragraph 43 of the Complaint consists

of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

44.    Defendant admits the authority cited in paragraph 44 is the best evidence of its contents. The remainder of paragraph 44 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

45.    Defendant admits the authority cited in paragraph 45 is the best evidence of its contents. The remainder of paragraph 45 of the Complaint consists of legal conclusions, statements, and characterizations that are not allegations capable of admission or denial. To the extent a response is required, Defendant denies such conclusions, statements, and characterizations.

46.    Defendant denies the allegations contained in paragraph 46 of the Complaint.

47.    Defendant denies the allegations contained in Paragraph 47 of the Complaint.

48.    Defendant denies the allegations contained in Paragraph 48 of the Complaint.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

## **PRAYER FOR RELIEF**

In response to the **WHEREFORE** clause following paragraph 49 of the Complaint, including its subsections (a) through (e), Defendant admits that Plaintiff seeks such relief but denies that Plaintiff is entitled to any relief whatsoever.

As to any part of the Complaint not specifically admitted, denied, or discussed with respect to Defendant, Defendant hereby denies said allegations, including, but not limited to, any allegations contained in the Complaint's preamble, headings, subheadings, and wherefore clause. Furthermore, any averments in the Complaint to which no responsive pleadings are capable or required shall be deemed denied.

## **JURY DEMAND**

Defendant, Redbox Automated Retail, LLC, hereby demands a trial by jury on all issues so triable.

## AFFIRMATIVE DEFENSES

Without assuming the burden of proof where it otherwise rests with Plaintiff, Defendant pleads the following affirmative defenses to Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because to the extent the subject text message(s) and/or telephone calls occurred, such text message(s) and/or telephone calls were invited, permitted, consented to, and/or made pursuant to a personal or an established business relationship.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff cannot state a claim against Defendant upon which relief can be granted. Defendant did not (and does not) send text messages or make telephone calls using an "automated system" for the selection or dialing of telephone numbers; particularly without the prior express written consent of the called party as Plaintiff seeks to allege in the Complaint. To the extent the subject text message(s) and/or telephone calls occurred, such text message(s) and/or telephone calls were manually placed.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the FTSA is unconstitutional. The FTSA violates the Dormant Commerce Clause because the FTSA regulates or discriminates against, and unduly burdens, interstate commerce.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the Florida Telephone Solicitation Act (Fla. Stat. § 501.059) is unconstitutional. Section 8(a) of the FTSA violates the due process clause of the Fourteenth Amendment and Florida's due process guarantee because it is unconstitutionally vague.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the FTSA is unconstitutional. Section 8(a) of the FTSA violates the First Amendment and Florida's free speech guarantee. Indeed, two closely analogous state laws in South Carolina and Arkansas have already been declared unconstitutional. *See Cahaly v. Larosa*, 796 F.3d 399 (4th Cir. 2015); *Gresham v. Rutledge*, 198 F. Supp. 3d 965 (E.D. Ark. 2016).

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the FTSA is unconstitutional. Here, because Plaintiff attempts to have Fla. Stat. § 501.059(8)(a) apply to interstate telemarketing allegedly placed by Defendant, which is alleged to be a foreign limited liability company, (Compl., ¶7), the statute not only is preempted by the TCPA, but also violates the Supremacy Clause of the United States Constitution.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the alleged text message(s) and/or telephone calls are not "telephonic sales call[s]" under the FTSA. *See* Fla. Stat. §501.059(1)(j).

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff is not a "consumer" under the FTSA. *See* Fla. Stat. §501.059(a)(b).

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff fails to state and cannot state a plausible cause of action for class relief

pursuant to Federal Rule of Civil Procedure 23 in that, among other things, the claims Plaintiff seeks to assert cannot be common or typical of the claims of the putative class, nor is class relief superior to other available methods for fairly and efficiently adjudicating the claims Plaintiff attempts to assert.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff and/or the putative class members are not the respective owners, subscribers, registrants, or authorized users of the telephones that allegedly received the text messages and/or telephone call(s) at issue, and, therefore, lack standing.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited by the doctrine of unclean hands. Plaintiff seeks out, invites, and welcomes text messages and/or telephone calls, including, *arguendo*, the subject text message(s) and/or telephone calls, in an effort to manufacture and pursue litigation on a class basis, not to seek compensation for damages allegedly suffered, as contemplated by statute, but rather to seek to enrich himself by seeking disproportionate payments from, here, Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff fails to sufficiently allege that a class action is proper or appropriate, and therefore Plaintiff is not entitled to maintain this lawsuit as a collective action. Among other things, Plaintiff fails to allege, because he cannot allege, any facts to suggest there are any other members of the proposed class. Instead, Plaintiff merely hypothesizes there may be others. Similarly, Plaintiff has not alleged, because he cannot allege, any facts to plausibly support the claim that there are common issues of fact and law, that Plaintiff's claims are typical of the proposed class, or that Plaintiff will fairly and adequately protect the interests of the proposed class. Rather, Plaintiff's Complaint merely parrots the requisite language without any factual insight. Accordingly, Plaintiff cannot satisfy the numerosity, commonality, typicality, and adequate representative requirements for this case to proceed as a class action.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the alleged damages to Plaintiff and/or the putative class Plaintiff seeks to represent were caused in whole or in part by the acts or omissions of third parties over which

Defendant had and has no control of/over, and/or by the acts or omissions of Plaintiff and/or the putative class members.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff did not sustain any damages. To the extent Plaintiff sustained any damages, such damages are *de minimis* and non-actionable, and any such damages are not representative and/or the same as the putative class members Plaintiff seeks to represent.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited by the doctrine of estoppel.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited by the doctrine of waiver.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because any alleged wrongdoing by Defendant, which Defendant denies, was caused by mistake.

Indeed, Defendant acted reasonably and in good faith at all material times based on all relevant facts and circumstances known by it at the time it acted.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff and/or the putative class failed to mitigate their damages. Accordingly, recovery (if any) should be reduced in proportion to Plaintiff's failure to mitigate such damages.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for injunctive relief and/or the claims for injunctive relief of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because there is neither continuing harm nor any real and immediate danger of injury in the future to Plaintiff or the putative class Plaintiff seeks to represent.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiffs and/or the putative class members were not the intended recipient(s) of the subject text message(s) and/or telephone calls.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the statutory damages provisions of the FTSA are excessive fines and/or are grossly disproportionate to any actual harm that may have been suffered. Accordingly, such statutory damages provisions violate (1) the safeguards set forth in and/or assured by the Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution and (2) the due process clause of the Fifth and Fourteenth Amendments of the United States Constitution.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because the subject text messages and/or telephone call(s) constitute commercial speech protected by the First Amendment of the United States Constitution and the imposition of liability for such text messages (and/or telephone call(s)) violates the First Amendment rights of the sender.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims and/or the claims of the putative class Plaintiff seeks to represent fail or otherwise are barred, in whole or in part, or are limited because Plaintiff and/or the putative class Plaintiff seeks to represent lack standing to bring this action because neither Plaintiff nor the putative class members suffered the

requisite harm required to confer standing under Article III of the United States Constitution. *See Muccio v. Glob. Motivation, Inc.*, 22-81004-CIV, 2022 WL 17969922 (S.D. Fla. Dec. 27, 2022).

## **RESERVATION OF RIGHTS**

Defendant, Redbox Automated Retail, LLC, reserves the right to amend or add to its affirmative defenses upon discovery of additional information or evidence or as justice so requires.

**WHEREFORE**, having fully answered or otherwise responded to the allegations contained in the Complaint filed by Plaintiff, Jamie Vargas, Defendant, Redbox Automated Retail, LLC, respectfully requests this Court enter judgment as follows: (1) that Plaintiff takes nothing by virtue of the Complaint and that this Action be dismissed in its entirety; (2) that judgment be rendered in favor of Redbox; (3) that attorneys' fees and costs incurred in this Action be awarded to Redbox to the greatest extent permitted by applicable law; and (4) that Redbox be awarded such further and other relief as this Court deems just and proper.

Dated: May **12**, 2023.                    Respectfully submitted,

By: ___/s/ Jamey R. Campellone_____

   BETH-ANN E. KRIMSKY
   Florida Bar No. 968412
   E-mail: beth-ann.krimsky@gmlaw.com
   E-mail: clemencia.corzo@gmlaw.com
   JAMEY R. CAMPELLONE
   Florida Bar No. 119861
   Email: jamey.campellone@gmlaw.com
   Email: gabby.mangar@gmlaw.com
   **GREENSPOON MARDER LLP**
   200 East Broward Blvd., Suite 1800
   Fort Lauderdale, Florida 33301
   Tel: (954) 527-6296
   Fax: (954) 333-4296

   JAMES SNELL
   *Pro Hac Vice Anticipated*
   Email: jsnell@perkinscoie.com
   **PERKINS COIE LLP**
   3150 Porter Drive
   Palo Alto, California 94304-1212
   Tel: (650) 838-4367
   Fax: (650) 838-4567

   *Attorneys for Redbox Automated Retail, LLC*

## CERTIFICATE OF SERVICE

   **WE HEREBY CERTIFY** that on this **12th** day of **May**, 2023, a copy of the foregoing Answer and Affirmative Defenses was filed with the Clerk of the Court using CM/ECF. The undersigned also certifies that the foregoing document is being served this day on all counsel of record via transmission of Notice of Electronic Filing generated by CM/ECF.

By: ___/s/ Jamey R. Campellone_____
   JAMEY R. CAMPELLONE